MILTON T. WOOLLEY, Respondent, *v.* SARAH L. LOEW, Appellant.

*Real· estate broker — when entitled to commissions — subsequent renewal by the owner of negotiations begun by the broker.*

The owner of real estate may, if the negotiations between his broker and a proposed purchaser thereof are fairly terminated, resume negotiations with the customer, and not be liable to the broker for commissions on the sale thereof to such person; but if the owner of a piece of property puts it in the hands of a broker and the broker commences the negotiations for the sale thereof, the owner cannot, in bad faith to his broker, discharge the broker and conclude such negotiations himself, and then claim that he is not liable to the broker for commissions.

APPEAL by the defendant, Sarah L. Loew, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of November, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 20th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Henry G. Atwater* and *A. B. Cruikshank,* for the appellant.

*W. T. Birdsall,* for the respondent.

DYKMAN, J. :

This is an action brought by a real estate broker for the recovery of his commissions for the exchange of real property. It is alleged in the complaint and admitted by the answer that the plaintiff was employed as broker by the defendant to sell or exchange her real property in Rockland county.

The complaint alleges further that the plaintiff produced Edward Cunningham to the plaintiff, that he was willing to exchange property with the defendant for her Rockland county property, that the defendant accepted one of the offers of the customer so produced by the plaintiff, and made a contract with him for the exchange of their property, which was consummated.

The answer admits that the defendant exchanged her property with Cunningham, but denies that such exchange was procured by the plaintiff.

It appeared upon the trial that, after much negotiation between the plaintiff and Cunningham, the defendant made the final contract with Cunningham, and that the plaintiff was not consulted respecting its consummation.

It was the claim of the plaintiff upon the trial that after he had started the negotiation with Cunningham the defendant took up the negotiations and completed the exchange of the property herself for the purpose of avoiding the payment of commissions to the plaintiff; that her conduct in that respect was in bad faith and designed to defraud the plaintiff.

That position raised the important and decisive question in the case, and upon that point the trial judge charged the jury as follows : " The owner may, if the negotiation is fairly terminated, resume negotiations with the customer and not be liable to the broker, but at the same time, if the owner of a piece of property puts it in the hands of a broker, and the broker starts the negotiation, the owner cannot end it in bad faith, and cannot cast the broker aside and carry on the negotiation to completion on his own account, and then claim that he is not liable to the broker for commission.

" So the question in this case, which is for you to determine, is just this : Was this plaintiff either the efficient cause or agent in producing this contract of sale between the defendant and Cun-

ningham, and did this defendant dishonestly cast the plaintiff out of the negotiation and go on and complete the transaction himself or through another broker? If you find in favor of the plaintiff on that question he is entitled to his commission. But if he was not the efficient cause, and if the negotiation was not dishonestly terminated and the plaintiff turned out, then he is not entitled to his commission."

The charge thus presented the question fully and fairly, and the jury found a verdict in favor of the plaintiff for $125.

We must, therefore, assume that the question of fact involved was solved in the plaintiff's favor, and the verdict is sustained by the testimony and the circumstances developed upon the trial.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgment and order affirmed, with costs.